# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

                              **Case No. 09-CR-16**

-vs-

**DENNIS CROUSE and SHARON SCHROEDER,**

        Defendants.

## DECISION AND ORDER

Defendants Dennis Crouse ("Crouse") and Sharon Schroeder ("Schroeder") are charged with willingly and knowingly stealing Social Security benefits in violation of 18 U.S.C. § 641. According to the indictment, Crouse and Schroeder (as the sole owners and operators of Total Life Healing Centers Fairhaven) were designated representative payees for the Social Security benefits of an individual named B.W.. The indictment alleges that Crouse and Schroeder "wilfully and knowingly stole, purloined and converted to their own use and the use of another property belonging to the United States" – $68,940 and $96,310 in Social Security benefits intended for B.W..

Crouse and Schroeder move to dismiss the indictment. Magistrate Judge William Callahan recommends that the motions to dismiss be denied. Crouse, Schroeder and the government all object to certain aspects of Judge Callahan's recommendation. The Court

agrees with Judge Callahan that the motion should be denied, but reaches this conclusion in a different manner.[1]

According to the indictment, Crouse and Schroeder submitted an application to the Social Security Administration to have Total Life become the representative payee for Social Security benefits paid to B.W. As a representative payee for B.W., Total Life was required to use any Social Security benefits received on behalf of B.W. solely for B.W.'s needs and to save any currently unneeded benefits for future use. Total Life was also required to notify the SSA when B.W. left the facility, changed her living arrangements or was no longer the responsibility of the facility.

The indictment further alleges that in November of 2007, B.W. was moved to a different facility. Defendants did not notify SSA that B.W. had been transferred. After the transfer, the legal guardian for B.W. obtained summaries from Total Life purporting to account for all funds Total Life had received and spent on behalf of B.W. The summaries did not account for two payments received by Total Life from the SSA on October 22, 2007 ($68,940) and December 4, 2007 ($96,310).

When considering a pretrial motion to dismiss, the Court assumes all facts in the indictment are true and must "view all facts in the light most favorable to the government." *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999). An indictment is sufficient if it satisfies three constitutionally-mandated requirements. First, the indictment "must

---

[1] Schroeder moved to sever, but abandoned the motion pursuant to the government's assurance that if Schroeder goes to trial and Crouse does not testify, the government will not introduce Crouse's statement. Therefore, the motion to sever will be denied without prejudice.

-2-

adequately state all of the elements of the crime charges; second, it must inform the defendant of the nature of the charges so that he may prepare a defense; and finally, the indictment must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense." *United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002). A Court may dismiss an indictment "if it is otherwise defective or subject to a defense that may be decided solely on issues of law." *United States v. Black*, 469 F. Supp. 2d 513, 518 (N.D. Ill. 2006).

Fed. R. Crim. P. 12 governs pretrial motions to dismiss. Rule 12(b)(2) provides that a party "may raise by pretrial motion any defense, objection, or request that the court can determine *without a trial of the general issue*" (emphasis added). "The general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged." *United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995); *see also United States v. Yasak*, 884 F.2d 996, 1001 n.3 (7th Cir. 1989). A defense "generally is capable of determination before trial if it involves questions of law rather than fact. If the pretrial claim is substantially intertwined with the evidence concerning the alleged offense, the motion to dismiss falls within the province of the ultimate finder of fact." *Yasak* at 1001 n.3 (citing *United States v. Covington*, 395 U.S. 57, 60 (1969)). Stated another way, "the language of the rule indicates [that] when the issue involves a question that may not be determined without 'trial of the general issue' it is not proper for decision by pretrial motion." *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1048 (11th Cir. 1987) (superseded on other grounds).

-3-

To constitute a violation of § 641, the money or thing of value that was stolen must be "a thing of value of the United States." The government argues that the social security funds disbursed to the defendants as representative payees of B.W. remained government property. "If the federal government maintains sufficient *supervision and control* over the property. . . the funds remain government property for purposes of federal prosecution under section 641." *United States v. Kristofic*, 847 F.2d 1295, 1298 (7th Cir. 1988) (emphasis added).[2]

Defendants argue that the "supervision and control" test is a jurisdictional issue that may be resolved in a pretrial motion to dismiss. *See Kristofic*, 847 F.2d at 1299 ("the [supervision and control] test was conceived as a means of resolving the jurisdictional question whether the crime committed had been against the federal government"). However, even if "supervision and control" is considered a jurisdictional element, this does not, standing alone, allow the pretrial dismissal of an indictment. *See, e.g., United States v. Nukida*, 8 F.3d 665, 669-70 (9th Cir. 1993) (district court improperly dismissed charges for want of subject matter jurisdiction because that issue was intertwined with question of whether there was an effect on interstate commerce, an essential element of the charged offense); *Ayarza-Garcia*, 819 F.2d at 1048-49 (district court properly declined to rule on

---

[2] The Court agrees with Judge Callahan's conclusion that the supervision and control test applies in the instant case. In *Kristofic*, the Seventh Circuit stated that the supervision and control test applies where funds are distributed by the federal government to a local or state agency. *See Kristofic*, 847 F.2d at 1297; *see also United States v. Howard*, 30 F.3d 871, 876 (7th Cir. 1994). The Court is unaware of any case which held that the supervision and control test may not be applied to funds distributed to a private individual, and the Court does not find the distinction relevant. In fact, the argument could be made that a representative payee qualifies as an "organizational 'conduit' for federal funds." *Kristofic* at 1299.

Additionally, in *United States v. Howard*, 787 F. Supp. 769 (S.D. Ohio 1992), the court applied the supervision and control test in a § 641 prosecution where, as here, social security benefits were distributed to a private party.

-4-

motion to dismiss for want of subject matter jurisdiction because that question was intertwined with the elements of the offense charged); *United States v. Alfonso*, 143 F.3d 772, 777 (2d Cir. 1998) ("determination of whether the jurisdictional element has been satisfied" is premature on a Rule 12 motion when it is "part and parcel of the inquiry into the 'general issue' of whether the statute has been violated"). Rather, the key question is whether the Court may resolve this motion without passing judgment on whether the statute was violated in the first instance.

To determine whether the government exercised supervision and control over these funds, "[e]vidence that the federal government monitors and audits programs, regulates expenditures, and has the right to demand repayment of funds is adequate evidence that stolen funds or property were a thing of value to the United States under § 641." *United States v. Scott*, 784 F.2d 787, 791 (7th Cir. 1986). This analysis requires the evaluation and consideration of disputed facts that are outside of the indictment. For example, defendants cite evidence from the Social Security website explaining that funds not spent toward the beneficiary's immediate needs are conserved by the representative payee on behalf of the beneficiary. Defendants also assert that representative payees are free to invest surplus funds without government oversight. On the other hand, the SSA established a regulatory scheme governing funds issued to representative payees. *See generally*, 20 C.F.R. §§ 416.601, 416.635, 416.640, 416.641, 416.665. Depending upon how the scheme is administered, these regulations may satisfy the supervision and control standard. *See, e.g., United States v. Wheadon*, 794 F.2d 1277, 1284-85 (7th Cir. 1986) (HUD maintained control of funds through

-5-

regulatory scheme requiring quarterly reports, access to records, and right to prior approval of disbursements). The parties' respective arguments that the funds are or are not subject to the government's supervision and control are intertwined with resolution of the general issue – whether defendants are guilty of stealing money from the United States.

Since the Court would be required to analyze disputed evidence outside of the indictment, this motion does not present a pure issue of law that can be resolved without assistance from the finder of fact. Rule 12(b) "is not the proper way to raise a factual defense," and the only way a motion "requiring factual determinations may be decided before trial [is] if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *Nukida*, 8 F.3d at 669 (quoting *United States v. Short Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), *cert. denied*, 478 U.S. 1007 (1986)). At this stage, the Court cannot say that a trial would be of no assistance in making the relevant factual determination. *Compare United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) (pretrial dismissal appropriate in the "unusual circumstance[]" where the "government's own facts proffered to the defendant (through discovery) and the district court" demonstrated that the government had "no case to prove").

Two cases involving prosecutions under § 641, *United States v. Lawson*, 925 F.2d 1207 (9th Cir. 1991) and *United States v. Klinger*, 61 F.3d 1234 (6th Cir. 1995), are distinguishable for a variety of reasons. Most important, neither case applied the supervision and control test to determine whether the stolen funds belonged to the federal government. *See, e.g., Klingler* at 1239 ("Federal control and supervision is relevant where money

originated in the federal government and the question is whether the government has retained its interest in the property; such an inquiry is out of place where money has yet to *acquire* any federal character") (emphasis in original); *Lawson* (proceeds of auctioned property are not government property under § 641). As discussed above, application of the supervision and control test to the instant case is a fact-specific inquiry that is substantially intertwined with the general issue of innocence or guilt. The "unavailability of Rule 12 in determination of general issues of guilt or innocence . . . helps ensure that the respective provinces of the judge and jury are respected . . . and that the facts are fully developed before disposition of the case." *Nukida* at 670; *see also Ayarza-Garcia* at 1048-49.[3]

---

[3] In *Howard*, 787 F. Supp. 769, *supra*, the court found that there was no governmental supervision and control over social security benefits that were stolen by the recipient's son from her checking account. *Howard* is distinguishable because it involved a post-trial motion for acquittal under Fed. R. Crim. P. 29. Such a motion would still be available to the defendants after trial.

-7-

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Judge Callahan's recommendation is **ADOPTED-IN-PART**, consistent with the foregoing opinion;

2. Defendants' motions to dismiss the indictment [D. 13, 14] are **DENIED**; and

3. Schroeder's motion to sever [D. 12] is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2009.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**